**LOCAL 616, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, Appellant,**

v.

**BYRD PLASTICS, INC.**

No. 19527.

United States Court of Appeals, Third Circuit.

Argued Jan. 26, 1971.

Decided Feb. 26, 1971.

Richard Scupi, International Union of Electrical Radio and Machine Workers, A. F. L.–C. I. O., Washington, D. C. (Irving Abramson, Ruth Weyand, Washington, D. C., on the brief), for appellant.

Richard H. Zamboldi, Elderkin, Martin & Kelly, Erie, Pa., for appellee.

Before HASTIE, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This matter was before the court once before on the identical record. Local 616, Int. U. of E., R. & M. Wkrs. Electrical Workers v. Byrd Plastics, Inc., 428 F.2d 23 (3 Cir. 1970). In that decision this court reversed the order of the district court which had dismissed the union's request for enforcement of an arbitration award, and remanded for proceedings in accordance with the opinion. On September 23, 1970, the district court first entered an order directing judgment in accordance with the decision of the court of appeals, which enforced the arbitrator's award. That order was in compliance with our mandate.

On a petition for reconsideration, however, the company presented to the district court an argument which could have been but apparently was not presented

to this court on the first appeal. The district court thereupon vacated the order directing judgment in accordance with the decision of the court of appeals, and on November 12, 1970, entered a new order directing the parties to proceed to a new arbitration. This second order misconstrues our prior decision. In the initial appeal the company contended that an arbitration award made in a proceeding in which it had declined to participate was invalid because of the dismissal on procedural grounds by another arbitrator of an earlier attempted arbitration. The issue was the jurisdiction of the second arbitrator. We held that the second award was enforceable. What was presented in the petition for reconsideration to the district court was merely another argument against the jurisdiction of the second arbitrator which could have been but was not argued to this court. We cannot countenance this method of achieving successive piecemeal appeals. The cause is remanded to the district court which shall vacate its order of November 12, 1970, and leave standing the order of September 23, 1970, which enforced the arbitrator's award.