**WASHINGTON–BALTIMORE NEWSPA-PER GUILD, LOCAL 35, OF the AMER-ICAN NEWSPAPER GUILD AFL–CIO**

**v.**

**The WASHINGTON POST COMPANY.**

**Civ. A. No. 1442–73.**

United States District Court,
District of Columbia.

Nov. 15, 1973.

918

Seymour J. Spelman, Alan D. Eisenberg, Washington, D. C., for plaintiff.

Peter J. Hurtgen, Robert M. Johnson, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This is an action to enforce a labor arbitration award pursuant to 29 U.S.C. § 185, presently before the Court on cross-motions for summary judgment. Defendant does not contest the validity of the arbitration award. Defendant argues, rather, that it has "complied" with the award by paying to the grievant former employee (hereafter "employee") the amount of the award[1] less a set-off of amounts allegedly due from the employee to the Company to repay an advance not fully used before his discharge.

Defendant contends that neither the Arbitrator's Award nor the underlying contract precludes the set-off asserted herein. Plaintiffs dispute this. It would seem that this dispute is itself a question concerning "application of th(e) Agreement" which should have been submitted to arbitration.[2] Yet the set-off issue was not submitted before the arbitration proceeding already conducted in this case, and therein lies the crux of the matter. Defendant asks for a "remand" so that the arbitrator may now consider the questions raised by the assertion of a set-off against the Award. At the arbitration hearings herein, however, Defendant's counsel affirmatively, represented that the question of amounts due from the employee was "not in this case."[3]

The argument of Defendant that it has in fact "complied" with the award herein is semantic inventiveness at its best. It is undisputed that the amount found due the employee "subject only to tax deductions" has not been paid. The real issue herein is not compliance, but whether Defendant had a legal right, *after* the Arbitrator's Award was entered, to assert the set-off claimed herein.[4] The Court does not believe that Defendant has such a right, and summary judgment will accordingly be entered for the Plaintiff.

■ The issue before this Court is a narrow one. There is no issue here as to whether the Company may yet maintain an independent action to enforce its claim against the employee. Nor is there a counterclaim presently before the Court.[5] The sole issue here is the affirmative defense of set-off. The

---

1. The Arbitration Award (Complaint, Exhibit 2) did not specify the dollar amount to be paid, but only "severance pay and notice pay" computed in accordance with the contract, "such payments to be subject only to the tax deductions specified in Article X(3) of said contract, if any." The parties herein are agreed, however, that the amount due under the Award is $7,468. Defendant's Statement of Material Facts as to Which No Genuine Issue Exists, ¶ 5. Plaintiff's Statement of Material Facts ¶ 11.

2. It is the Defendant who now seeks to return to the Arbitrator, thereby waiving any argument that the set-off defense was not within the scope of the arbitration herein and that submission of the defense was not required for that reason.

3. Plaintiff's Statement of Material Facts as to Which No Genuine Issue Exists, ¶¶ 14, 15.

4. Defendant denominates this issue as a "Question of Compliance", emphasizing that "interpretation" of an Award and clarification of "ambiguities" is for the Arbitrator in the first instance. This argument is simply not applicable to the facts of this case. There is not the slightest ambiguity in the Award herein, nor any question of its interpretation. (See note 1, supra).

5. The employee in question is not a party herein, the action having been brought solely in the name of the Plaintiff union Local, as signatory to the underlying collective bargaining agreement.

Court concludes that having failed to raise this defense before the arbitrator the Company is barred from asserting it herein to resist enforcement or to obtain a "remand" to the arbitrator.

■ Defendant has proffered no reason whatever for its failure to present the set-off issue before the Arbitrator. It does argue that this failure was reasonable since the Company's liability was questionable and the issue of set-off need not be considered until liability is established. Yet the policy of the law, both in litigation and arbitration, is to resolve the entire matter involving one claim and defenses thereto in one proceeding, with later appellate review of the entire case.[6] Acceptance of Defendant's argument would provide a party the option of piece-meal proceedings, asserting a new "fall-back" position only after rejection of its initial arguments. To allow this "would undercut the finality and therefore the entire usefulness of arbitration as an expeditious and generally fair method of settling disputes." Washington–Baltimore Newspaper Guild, Local 35 v. Washington Post Company, 143 U.S.App.D.C. 210, 442 F.2d 1234, 1238 (1971).

Plaintiff has a concededly valid arbitration award establishing its claim against defendant. Defendant has a disputed[7] claim against its employee. Whatever may be Defendant's rights to pursue its claim independently, it cannot resist enforcement here on grounds not raised before the arbitrator.

6. Permissive counterclaims, not arising out of the same occurrence, need not be included, of course. Rule 13(b), Federal Rules of Civil Procedure. Whether the Defendant's claim against the employee was a permissive, or even a mandatory, counterclaim in the arbitration proceeding, as involving application of the contract, is a matter in the first instance for the arbitrator, as defendant concedes. Yet the claim is not asserted herein as a counterclaim, but only as a defense to enforcement of the Arbitrator's Award. As such, it should have been raised first before the Arbitrator. Teamsters v. Marathon County Farmers Union Cooperative, 83 L.R.R.M. 2995 (W.D.Wisc.1973); Mogge v. District 8, I.A.M., 454 F.2d 510 (7th Cir. 1970); Machinists Local 701 v. Holiday Oldsmobile, 84 L.R.R.M. 2200 (N.D.Ill., 1972); Lodge 1327, I.A.M. v. Fraser & Johnston Co., 454 F.2d 88 (9th Cir. 1971); Local 616, I.U.E. v. Byrd Plastics, Inc., 438 F.2d 973 (3d Cir. 1971); Textile Workers v. Courtalds, Inc., 80 L.R.R.M. 2823 (S.D.Ala. 1972); Humble Oil & Refining Co. v. Local 866, I.B.I., 321 F.Supp. 374 (S.D.N.Y.1971), aff'd 447 F.2d 229 (2d Cir. 1971).

7. The employee disputes at length the allegations supporting the claimed set-off. (Affidavit of Anatote Shub, Exhibit A to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.)