807 F.2d 618
 124 L.R.R.M. (BNA) 2074, 105 Lab.Cas. P 12,119
 DISTRICT NO. 8, INTERNATIONAL ASSOCIATION OF MACHINISTS &
AEROSPACE WORKERS, AFL-CIO,
Plaintiff/Counterdefendant-Appellee,
v.
CLEARING, A DIVISION OF U.S. INDUSTRIES, INC.,
Defendant/Counterplaintiff- Appellant.
Appeal of VEDDER, PRICE, KAUFMAN & KAMMHOLZ and Michael W. Duffee.
 Nos. 85-2715, 85-2741.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 27, 1986.
Decided Dec. 9, 1986.
Rehearing and Rehearing En Banc Denied Jan. 21, 1987.
 
 Michael W. Duffee, Murphy, Smith & Polk, Chicago, Ill., for defendant/counterplaintiff-appellant.
 Lisa B. Moss, Carmell, Charone, Widmer & Mathews, Ltd., Chicago, Ill., for plaintiff/counterdefendant-appellee.
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 RIPPLE, Circuit Judge.
 
 
 1
 District No. 8, International Association of Machinists & Aerospace Workers, AFL-CIO (District 8), brought this action under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, to enforce two arbitration awards rendered in favor of its members. Clearing, Inc. (Clearing), filed both an answer and a counterclaim in which it alleged that the two arbitration awards, as well as a number of other outstanding grievances, were compromised and settled as part of a February 1985 collective bargaining agreement which was orally agreed upon by the parties. According to Clearing, since the arbitration awards had already been settled by this contract, they cannot now be judicially enforced. District 8, in responding to the counterclaim, denies that the two arbitration awards were settled in the February 1985 agreement.
 
 
 2
 After trial, the district court ruled in favor of District 8 on both its complaint and Clearing's counterclaim. The court found that the parties had not come to a "meeting of the minds." Therefore, since there was no agreement, the parties had not validly bound themselves to either a contract or a grievance/arbitration settlement. Accordingly, the district court ordered Clearing to comply with the union's two finalized arbitration awards and to arbitrate the remaining grievances. Thereafter, the district court also assessed attorneys' fees against Clearing. This appeal followed.
 
 
 3
 We hold that the district court did not err in finding that the parties failed to form a valid contract. Accordingly, we affirm the portion of the district court's judgment that orders arbitration of the outstanding grievances and compliance with the finalized arbitration awards. However, we vacate that portion of the district court's judgment that assessed attorneys' fees. Nonetheless, having found that the present appeal is "both frivolous and an appropriate case for imposition of sanctions," Hilgeford v. Peoples Bank, 776 F.2d 176, 179 (7th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1644, 90 L.Ed.2d 188 (1986), we exercise our discretion under Fed.R.App.P. 38 and assess costs and attorneys' fees on appeal.
 
 
 4
 * The Contract Formation Issue
 
 
 5
 In 1985, District 8 and Clearing began negotiations for a new collective bargaining agreement. As part of that agreement, Clearing proposed a settlement of $4000 for two outstanding arbitration awards and a number of unresolved grievances. This proposed settlement, if accepted, would have resolved these matters permanently.
 
 
 6
 At the close of the negotiations, District 8 presented Clearing's final benefit proposal to its membership. However, according to their own testimony, the District 8 officials unilaterally withdrew the grievance/arbitration settlement provision from the package. Thus, the proposal, as presented to District 8's membership, was identical to Clearing's offer except for the omission of the grievance/arbitration settlement clause. When this proposal was put to a vote, District 8's membership refused to ratify it. As a result of that rejection, District 8's leadership called for a strike vote. However, that proposition was also defeated. By virtue of the voting procedure established in District 8's constitution, this defeated strike vote served to ratify the benefit package as proposed. Thereafter, District 8's leadership conveyed the results of the membership meeting to Clearing. The conversations between District 8 and Clearing officials, as well as the context in which they arose, are at the heart of this litigation.
 
 
 7
 Clearing has argued in both the district court and this court that District 8's officials unequivocally conveyed to Clearing their acceptance of the agreement. According to Clearing's president, District 8 officials came to his office after the failed strike vote and told him that the parties had a contract. While District 8 officials also discussed the status of the grievance/arbitration proposal at that time, Clearing contends that its president did not understand that conversation to affect, in any way, the fact that the parties had unconditionally agreed to a contract on the terms as offered by Clearing.
 
 
 8
 The district judge, in his findings of fact, rejected Clearing's interpretation of the conversation. After reviewing all of the evidence and making a number of credibility determinations, the district court held that: "[T]here was no agreement here. There was a failure of a meeting of minds." Tr.Vol. II at 46. Simply put, after reviewing District 8's evidence concerning the membership meeting, the negotiations, and the conversations with Clearing--and after reviewing the rebuttal evidence offered by Clearing--the district court determined, as a finding of fact, that the parties had never actually reached an agreement: Clearing thought that the settlement was part of the contract, and District 8 thought that the settlement had been removed from the contract.
 
 
 9
 The scope of our review of the district court's findings of fact is quite narrow. As the Supreme Court has recently noted:If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.
 
 
 10
 Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). The district court's findings were not clearly erroneous. There is ample evidence in the record to support the conclusion of the trial judge. He simply performed the fact-finding function which, under our system of adjudication, is solely his to perform. He made credibility determinations; he evaluated the relative merit of the parties' factual submissions; he drew factual conclusions. It is not our role to undertake, on the basis of the cold record, this same task.
 
 
 11
 Alternatively, Clearing argues that District 8's post-negotiation conduct (i.e., continuing to work in exchange for the benefits as outlined in Clearing's proposal) constituted a ratification of Clearing's entire package. Clearing contends that District 8's leadership, and some of its members, were aware of Clearing's entire offer--including the grievance/arbitration settlement. Clearing further contends that District 8's leadership knew that Clearing's offer had to be accepted or rejected in its entirety. Given this background, Clearing contends that the union implicitly ratified the entire contract by accepting its benefits.
 
 
 12
 The district court rejected this contention:
 
 
 13
 The defendant [Clearing] acted as a volunteer in going ahead and effectuating some of the provisions of its proposal. In accepting whatever benefits were involved in that action by the defendant, the plaintiff [District 8] did nothing that estops it from denying that there was an agreement.
 
 
 14
 In fact, the plaintiff does not deny the existence of the agreement that the defendant has been effectuating. It merely denies the existence of a term that would have settled the grievances and awards for $4,000.
 
 
 15
 I find that the defendant did not reasonably rely upon anything that the plaintiff did when defendant decided to carry out portions of the agreement.
 
 
 16
 The cessation of the picketing, the statement that "You've got a contract except for the grievances," the acceptance of benefits from the defendant: All of these things were done at a time when plaintiff had made it very clear to defendant that the $4,000 settlement was unacceptable.
 
 
 17
 You can't be accused of misleading the other party when you make the situation as clear as the plaintiff did here.
 
 
 18
 The evidence in this case, as far as I am concerned, is simply uncontradicted on the question of whether the defendant knew that it could not dispose of the arbitration awards and grievances for $4,000.
 
 
 19
 Tr.Vol. II at 46-47. Like the district court's earlier findings, this conclusion is not clearly erroneous. Accordingly, we affirm the district court's finding that the parties did not reach an agreement on the grievance/arbitration settlement provision. Therefore, the district court was correct in ordering Clearing to comply with the arbitration awards and to arbitrate the outstanding grievances.
 
 II
 Attorneys' Fees
 
 20
 The district court assessed reasonable attorneys' fees against Clearing pursuant to section 301 and against both Clearing and its counsel under Fed.R.Civ.P. 11. We must conclude that the district court's decision was an abuse of discretion. See Frazier v. Cast, 771 F.2d 259, 262-63 (7th Cir.1985). Therefore, we vacate the court's award of fees.
 
 
 21
 In discussing the appropriate standard to be applied in this case, the district court stated that, for purposes of both section 301 and Rule 11, "it is enough to show that the position taken by the offending party or its attorney was unreasonable or without substantial justification." R.25 at 2. Clearing disagrees with this view. It contends that awards under section 301 require a showing of greater culpability on the part of the offending party. Therefore, according to Clearing, the district court's section 301 award should be vacated, or at least remanded, because there has been no showing of bad faith on its part. Clearing also argues, in the alternative, that, should we decide to use the district court's standard for assessing fees, the awards under both section 301 and Rule 11 should still be vacated as an abuse of discretion.
 
 
 22
 We agree with the district court that Rule 11 does not require a showing of bad faith. Rather, it requires that the district court undertake an objective inquiry into whether the party or his counsel "should have known that his position is groundless...." Coleman v. CIR, 791 F.2d 68, 71 (7th Cir.1986); see also Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace Workers, District No. 8, 802 F.2d 247, 255 (7th Cir.1986); Brown v. National Bd. of Medical Examiners, 800 F.2d 168, 171-72 (7th Cir.1986); Thornton v. Wahl, 787 F.2d 1151, 1153-54 (7th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986). However, as this court pointed out in Miller Brewing Co. v. Brewery Workers Local Union No. 9, AFL-CIO, 739 F.2d 1159, 1167 (7th Cir.1984), cert. denied, 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985), "[n]ormally when no statute authorizes the award of attorney's fees in a particular class of cases--and none does with respect to suits under ... section 301 ... the prevailing party is entitled to attorney's fees only if his opponent's suit or defense was frivolous, which our cases define to mean brought in bad faith...." This basic principle is merely a restatement of the basic "American rule" that "[i]n the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Service Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). We acknowledged in Miller Brewing Co. that "some courts have applied what appears to be a less demanding standard to fee requests in labor arbitration cases than in other cases...." 739 F.2d at 1168. However, since it could not be said that the company's attack upon the award was "without foundation," we found it unnecessary to decide whether "to tilt the standard rule ... toward the more liberal rule...." Id.
 
 
 23
 Similarly, we find it unnecessary to disturb the settled law of the circuit in the present case. Neither Rule 11 nor the more liberal interpretations of the so-called "American rule" of fee shifting will support the district court's award of attorneys' fees in this case. Clearing's trial position simply cannot be termed unreasonable. Its submission at trial showed that Clearing had presented a written package proposal to District 8 which included a provision settling the grievance/arbitration dispute. Furthermore, according to Clearing, District 8's observable conduct immediately after the alleged agreement was consistent with its belief that an agreement had been formed. This evidence, had it been credited by the district court, would have been sufficient to support a judgment in Clearing's favor. Accordingly, we must hold that the district court abused its discretion in awarding attorneys' fees since neither section 301 nor Rule 11 will support such an award.
 
 III
 Costs and Attorneys' Fees on Appeal
 
 24
 Nonetheless, after the district court rendered its decision, it must have been clear to both Clearing and its counsel that success on appeal would require convincing this court that it should reverse the district court's credibility findings. Yet, it also must have been clear that:
 
 
 25
 [W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.
 
 
 26
 Anderson, 470 U.S. at 575, 105 S.Ct. at 1513. Therefore, we agree with District 8 that Clearing's "arguments before this Court constitute nothing more than a restatement of its position rejected by the district court and an attempt to plead that the district court should have credited its witnesses rather than the testimony presented by District No. 8." Appellee's Br. at 32. Under the circumstances of this case, we believe that Clearing's appeal regarding the issue of contract formation is frivolous.[1]
 
 
 27
 We further determine that this is an appropriate case for the imposition of sanctions. This case "has caused a shameful waste of judicial manpower." Clarion Corp. v. American Home Products Corp., 494 F.2d 860, 865 (7th Cir.), cert. denied, 419 U.S. 870, 95 S.Ct. 128, 42 L.Ed.2d 108 (1974). The appellant has caused this court to spend valuable time and energy on a completely meritless matter while the serious concerns of other litigants have had to wait for resolution. See Ruderer v. Fines, 614 F.2d 1128, 1132 (7th Cir.1980). Therefore, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, we award District 8 its costs and reasonable attorneys' fees on appeal which are attributable to the litigation of the contract formation issue. See Spiegel v. Continental Illinois Nat'l Bank, 790 F.2d 638, 650-51 (7th Cir.1986), petition for cert. denied, --- U.S. ----, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986); Indianapolis Colts v. Mayor of Baltimore, 775 F.2d 177, 184 (7th Cir.1985). One-half of these fees and costs shall be paid by Clearing and one-half by its counsel. See Thornton, 787 F.2d at 1154.
 
 CONCLUSION
 
 28
 We affirm that portion of the district court's judgment that orders arbitration of District 8's outstanding grievances and compliance with the finalized arbitration awards. Additionally, we vacate that portion of the district court's judgment that assessed attorneys' fees under section 301 and Rule 11. However, finding that the present appeal was frivolous, we award District 8 its costs and reasonable attorneys' fees on appeal, limited to only those expenses incurred in litigating the contract formation issue. District 8 shall submit its proposed fee with its bill of costs.
 
 
 29
 SO ORDERED.
 
 
 
 [1]
 As we stated in Spiegel v. Continental Illinois Nat'l Bank, 790 F.2d 638 (7th Cir.1986), petition for cert. denied, --- U.S. ----, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986): "An appeal is frivolous where the result is obvious or when the appellant's argument is wholly without merit." Id. at 650 (quoting Indianapolis Colts v. Mayor of Baltimore, 775 F.2d 177, 184 (7th Cir.1985))