**TEAMSTERS, CHAUFFEURS, SALES-DRIVERS & HELPERS, LOCAL UNION NO. 330, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Plaintiff,**

v.

**ELGIN EBY–BROWN CO., Defendant.**

**No. 87 C 4326.**

United States District Court, N.D. Illinois, E.D.

Sept. 18, 1987.

Lisa B. Moss, Carmell Charone Widmer & Mathews, Chicago, Ill., for plaintiff.

Gerald A. Golden, Seyfarth Shaw Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Teamsters, Chauffeurs, Salesdrivers & Helpers, Local Union No. 330 ("Local 330") brings this action against defendant Elgin Eby-Brown Co. ("Eby-Brown") to enforce an arbitration award under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1982). Currently before the Court is the Local 330's motion for summary judgment. For the reasons noted below, we grant that motion.

## FACTS

Local 330 and Eby-Brown were parties to a January 29, 1984—January 27, 1987 collective bargaining agreement ("Agreement"). On February 14, 1986, Eby-Brown terminated Local 330 member John E. Hallgren, Jr. Hallgren filed a grievance which was ultimately submitted to an arbitrator. On July 29, 1986, an evidentiary hearing was conducted before the arbitrator. The

arbitrator issued his Opinion and Award on December 8, 1986, which was then sent to the parties' attorneys and to Eby-Brown on December 17, 1986. The parties had stipulated at the hearing to the following issue for determination by the arbitrator: "Was there just cause to terminate the Grievant, John Hallgren, Jr.? If not, what is the appropriate remedy?" In accordance with the stipulation, the arbitrator made the following findings and award:

1. The Employer did not have just cause to discharge Grievant Hallgren, under the facts of this case as set forth above. It did clearly have just cause to discipline him less severely, and in accordance with the contract, to the extent of a five working day suspension. The grievance is hereby sustained and the termination is converted to a five-day suspension.

2. As a remedy, the Grievant is to be reinstated with full back pay for the period of time from his discharge to the date of offered reinstatement by the Employer, except for the five day suspension noted above, and less earnings, if any, from other employment, during this period, and with the appropriate offset for unemployment compensation, if applicable. He is to be made whole in all other respects, including full seniority rights and all other benefits.

Subsequent to the award, a branch manager for Eby-Brown met with Hallgren to discuss the arbitration award. At this meeting Hallgren allegedly said that he did not begin to look for work after he was terminated until his unemployment benefits ran out, that is from February, 1986 to August, 1986. When the hearing was held in July, 1986, Eby-Brown did not raise the issue of Hallgren's failure to actively seek employment and presented no evidence of his alleged failure. Local 330 disputes the factual assertion that Hallgren did not look for work and alleges that during this time period Hallgren actively sought employment at twenty-four companies, registered with and reported to the Illinois Job Service on fifteen occasions, and reported weekly to Local 330 to inquire as to whether the union had any job referrals. In his statement of undisputed facts, Hallgren identifies his interim earnings as $3,669.80 and his unemployment compensation as $5,016.00. Eby-Brown does not challenge these figures. In his affidavit, Hallgren states his salary was $400.00 a week, and that he was off work for forty-three weeks. The amount Hallgren thus seeks in back pay is $17,200.00 with amounts deducted for a two-week vacation, the five day suspension, the interim earnings and the unemployment compensation for a final back pay award of $7,314.11.[1]

## MOTION FOR SUMMARY JUDGMENT

■ Summary judgment is appropriate only where the moving party demonstrates that no genuine issue of material fact exists and that it is accordingly entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of clearly establishing the absence of a triable fact issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Eby-Brown raises two issues in opposition to Local 330's motion for summary judgment. First, it contends that we must remand the award back to the arbitrator because the award is ambiguous. Secondly, it argues it has raised a genuine issue of material fact as to whether Hallgren mitigated his damages. Local 330 has two responses: Eby-Brown has waived its right to challenge Hallgren's alleged failure to mitigate his damages, and even if it has not waived the mitigation argument, Hallgren

---

**1.** Hallgren in his affidavit arrives at a figure of $7,321.11. This, however, appears to be a miscalculation.

has, as a matter of fact, mitigated his damages.

■ We agree that Eby-Brown has raised a question of fact as to whether Hallgren had made an effort to mitigate his damages. As discussed below, however, we do not find this at all relevant to the resolution of this motion. We also agree that the award entered by the arbitrator is ambiguous because it fails to specify the exact amounts to be deducted from Hallgren's back pay award. In such situations, unless the court can resolve the ambiguity from the record, *see, e.g., Ethyl Corp. v. United Steelworkers of America,* 768 F.2d 180, 188 (7th Cir.1985), it may be remanded to the arbitrator so that the amount due the grievant may be definitely determined by arbitration. *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960) (remand to arbitrator to arbitrate issue of appropriate amounts to be deducted from back pay award for sums received from other employment). *Accord Warehouse, Mail Order, Office, Technical and Professional Employees, Local No. 743 v. Carl Gorr Color Card, Inc.,* 512 F.Supp. 213, 216 (N.D.Ill.1981). This, however, "is a procedure to avoid if possible, given the interest in prompt and final arbitration." *Ethyl Corp.,* 768 F.2d at 188. Thus, while it is true that the award does not specify the exact amounts to be deducted from the back pay award, "[w]e ought if at all possible to resolve the case once and for all now; and we think it is possible." *Id. Accord Electric Specialty Co. v. Local 1069, IBEW,* 222 F.Supp. 314, 315 (D.Conn.1963) (stipulation by parties as to amount of back pay due employee would avoid necessity of remand).

■ In filing this motion for summary judgment, Local 330 filed a statement pursuant to Local Rule 12(e) of the "material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law," and which also included

references to Hallgren's affidavit. In opposition to the motion for summary judgment, Eby-Brown was directed by this court to file, and did file, a statement under Local Rule 12(f), "setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." In its statement Eby-Brown did not challenge Hallgren's figures for unemployment compensation or interim earnings. Accordingly, because "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party," Local Rule 12(f), those figures are admitted for purposes of this motion. Although not specifically listed in Hallgren's statement of undisputed facts, the statement references Hallgren's affidavit which identifies his salary as $400.00 a week. Thus, Eby-Brown has admitted for purposes of this motion all the necessary facts for this court to calculate the specific amount of the back pay award as $7,314.11:

| | | |
|---|---|---|
| Salary | $17,200.00 | (400 × 43 weeks—2/14/86–12/12/86) |
| | (400.00) | (5 day suspension) |
| | (5,016.00) | (unemployment compensation) |
| | (3,669.89) | (interim earnings) |
| | (800.00) | (2 weeks vacation pay) 2 |
| Total back pay | 7,314.11 | |

Accordingly, the arbitrator's award for back pay to Hallgren is for $7,314.11.

■ Now that we have determined the exact amount of the award, there remains the issue of mitigation. Eby-Brown contends that the award is ambiguous as to whether the arbitrator intended that Hallgren's back pay award be further reduced for Hallgren's alleged failure to mitigate, thus justifying the remand to the arbitrator to clarify whether he intended the parties to consider mitigation of damages in determining how much to deduct from the back pay award.

Eby-Brown recognizes that the award is silent on the issue of mitigation, but contends that it is there implicitly. We disagree. The award is very clear that the

---

**2.** Hallgren included this deduction although it is unclear why he deducted it. However, because

it is to the benefit of Eby-Brown, we also deduct it.

only amounts to be deducted from Hallgren's back pay award are (1) "earnings, *if any*, from other employment," and (2) "the appropriate offset for unemployment compensation." In the arbitration opinions cited by F. Elkouri & E. Elkouri, *How Arbitration Works* at 409 (4th Ed.1985), for the proposition that "[b]ack pay may be wholly or partially denied where the employee fails to take advantage of reasonable employment opportunities," the arbitrators clearly mentioned in their awards and opinions that the award was being reduced or denied because of the grievant's failure to mitigate.[3]

In this case, however, the parties never raised the issue of mitigation at the hearing and the arbitrator did not mention mitigation in his award. Thus, although we find the award was ambiguous as to the amounts to be deducted from Hallgren's back pay for earnings, "if any," from interim employment and unemployment compensation, an ambiguity we corrected on the record, we do not find it ambiguous as to mitigation. It is clear that the arbitrator did not consider mitigation at all. Nor is there any case law which indicates that an arbitrator must always consider mitigation of damages in determining back pay.[4] Nor

have we been able to locate any case holding that as a matter of law every arbitrator must take into account the grievant's duty to mitigate damages. In some areas of the law this is the case, such as in employment discrimination cases under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–5(g) (1982). It may even be a good idea that an arbitrator should consider an employee's duty to mitigate, but failure to do so, specifically when not requested to do so, is not grounds to vacate an arbitrator's award or to decline enforcement.

Eby-Brown, however, does not seek vacation of the arbitrator's award, but just the opportunity to delve into the issue of mitigation on remand. To this Local 330 argues that Eby-Brown has waived any claim it may have had regarding Hallgren's alleged failure to mitigate because Eby-Brown did not raise the issue before the arbitrator even though the question of the appropriate remedy was squarely before the arbitrator. Eby-Brown does not contend that it could only discover Hallgren's failure to mitigate *after* the hearing, nor could it, as the majority of the time period at issue here, mid-February to mid-August, was prior to the hearing on July 29, 1986.[5]

---

**3.** *St. Regis Paper Company v. Printing Specialties and Paper Products Union, Local 541,* 75 Lab. Arb. (BNA) 737, 742 (1980) (Anderson, Arb.) ("With regard to the mitigation argument, common sense indicates that this must be taken into account."); *Good Hope Refineries, Inc. v. Oil, Chemical and Atomic Workers International Union, Local 4–473,* 73 Lab.Arb. 1171, 1174 (1979) (LeBaron, Arb.) ("Grievant testimony does not reflect reasonable diligence in seeking interim employment.... [G]rievant herein is not entitled to back pay."); *Borg-Warner Corporation, Byron Jackson Pump Division v. Oil, Chemical and Atomic Workers International Union, Local 5–217,* 72 Lab.Arb. 184, 190 (1979) (Allen, Arb.) ("G— had a duty to mitigate potential back pay damages by accepting the Company's offer of reinstatement...."); *Public Service Company of New Mexico v. IBEW, Local 611,* 70 Lab.Arb. 788, 793 (1978) (Springfield, Arb.) ("The reinstatement, however, will not include back pay as the grievant admittedly has not sought other employment or otherwise acted to mitigate the amount of back pay to which he might otherwise have been entitled...."); *Pepsi-Cola Bottling Co. v. United Steel Workers of America, Local 14316,* 70 Lab.Arb. 428, 430 (1978) (Rinaldo, Arb.) ("[Grievants] should have accepted the part-time hours to 'mitigate' their damages.

Since they did not, I must limit their remedy to reinstatement without back pay."); *Palm Desert Greens Association v. Laborers Union, Local 1184,* 69 Lab.Arb. 191, 193 (1977) (Draznin, Arb.) ("[Grievants] are to be reinstated with full restoration of seniority and related benefits, but without back pay for that period of time during which they did not seek employment elsewhere."); *Rohm and Haas Texas, Inc. v. Oil, Chemical and Atomic Workers International Union, Local 4–367,* 68 Lab.Arb. 498, 503 (1977) (White, Arb.) ("I do not find Grievant to be free of fault ... I do not find Grievant did all he might have done to mitigate his damages....").

**4.** Eby-Brown cites Elkouri & Elkouri for the proposition that "as a matter of law back pay should be wholly or partially denied where the employee fails to take advantage of reasonable employment opportunities." (Eby-Brown Response at 3). However, Elkouri & Elkouri only suggests that "[b]ack pay *may* be wholly or partially denied...." Elkouri & Elkouri at 409.

**5.** The fact that Eby-Brown in fact only discovered the alleged failure to mitigate after the hearing is irrelevant. It had the opportunity to discover the information before the hearing and did not.

Accordingly, the question is whether Eby-Brown can raise an issue in defense to an enforcement proceeding that it could have raised before the arbitrator and did not. We find that the case law in the Seventh Circuit and other circuits is clear on this issue. Failure to present the issue and evidence below waives the issue in an enforcement proceeding.[6]

Two courts have specifically considered the issue of failure to raise mitigation of damages before the arbitrator; both held the issue waived. *United Food & Commercial Workers v. Marval Poultry*, 645 F.Supp. 1174, 1180 (W.D.Va.1986) (failure to raise expiration of collective bargaining agreement and issue of mitigation during pendency of the arbitration proceedings waives the issues), *aff'd without op.*, 819 F.2d 1138 (4th Cir.1987); *Encino Shirt Co. v. International Ladies' Garment Workers' Union*, 108 L.R.R.M. (BNA) 2723, 2724 (N.D.Ala.1980) (failure to raise issue of mitigation of damages waives issue). Any other conclusion would thwart the national labor policy of speedy resolution by arbitration. As the Seventh Circuit in *Mogge* stated years ago:

> [s]ince the burden was on [the employer] to prove to the arbitrator that the contract had expired so that he could take this into consideration in fashioning a remedy, it may not now complain that the award is unjustified. . . .
>
> Having failed without cause to bring these extraneous matters to the arbitrator's attention, [the employer] may not supplement the record at this late date. The national labor policy of encouraging

private arbitration of labor disputes, because of its potential for expeditious disposition of these matters without resort to the courts, has been thwarted in this protracted case. To allow [the employer], after arbitration, to have the court supplement the record with information that was available at the time of arbitration would further undermine the very purpose of private arbitration.

*Mogge*, 454 F.2d at 513. By failing to raise the issue of mitigation before the arbitrator, Eby-Brown prevented the arbitrator from doing his job; an arbitrator needs to be informed of all pertinent information in formulating a remedy. Eby-Brown cannot expect to remain silent and then, when "an adverse decision [is] handed down, 'complain of a situation of which [it] had knowledge from the first.'" *Chicago Newspaper Guild*, 747 F.2d at 1158, or should have had knowledge.

Although Eby-Brown actually seeks to submit its evidence of failure to mitigate to the arbitrator on remand, and not to this court, we find the principles stated above are still relevant and apply with equal force to this case. Accordingly, finding no dispute of *material* fact precluding this motion for summary judgment, we grant Local 330's motion and direct Eby-Brown to pay the arbitrator's award in the amount of $7,314.11.

### Motion for Attorney's Fees

Local 333 also moves this Court for an award of attorney's fees either because Eby-Brown's refusal to comply with the

---

6. *Chicago Newspaper Guild v. Field Enterprises*, 747 F.2d 1153, 1157 (7th Cir.1984) (failure to raise fact that grievant would have been laid off even if not terminated barred its use as a defense to reinstate employee per arbitration award); *Mogge v. District 8, International Association of Machinists*, 454 F.2d 510, 513 (7th Cir.1971) (failure to bring expiration of the contract to arbitrator's attention below waives the right to raise it in enforcement proceedings). *Accord United Steelworkers, etc. v. Smoke-Craft, Inc.*, 652 F.2d 1356, 1360 (9th Cir.1981), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1718, 92 L.Ed.2d 139 (1982) (failure to raise question of union's individual representation and whether a settlement had been reached waived issue); *Kodiak Oil Field Haulers, Inc. v. Teamsters Union Local No. 959*, 611 F.2d 1286, 1290 (9th Cir.1980) (failure to object to arbitrator's bias in arbitration proceeding waived issue); *Cook Industries, Inc. v. C. Itoh & Co.*, 449 F.2d 106, 107–08 (2d Cir.1971) (failure to object to arbitrator's bias in arbitration proceedings waives the objection), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972); *Washington-Baltimore Newspaper Guild Local 35 v. The Washington Post Company*, 367 F.Supp. 917, 919 (D.D.C.1973) (failure to raise defense of set-off before arbitrator bars employer from asserting it to resist enforcement); *Automobile Mechanics, Local 701 v. Holiday Oldsmobile*, 356 F.Supp. 1325, 1328 (N.D.Ill.1972) (failure to raise issue of oral agreement between parties before arbitrator waives argument in enforcement proceedings).

award was without justification, *Olin Corp. v. Chemical Workers*, 89 L.R.R.M. (BNA) 2378 (N.D.Ill.1974), *aff'd* 515 F.2d 511 (7th Cir.1975), or because Eby-Brown has failed to comply with the requirements of Fed.R.Civ.P. 11. Eby-Brown only addresses this motion in a footnote claiming that its position was reasonable and asserted in good faith.

In the past, some courts, including this Court, have awarded attorney's fees to unions in enforcement suits under § 301 of the LMRA when the company was not justified in refusing to comply with the arbitrator's award. *See, e.g., Teamsters Local Union No. 764 v. J.H. Merritt & Co.*, 770 F.2d 40, 43 n. 2 (3d Cir.1985); *Amalgamated Meat Cutters Local Union 540 v. Great Western Food Co.*, 712 F.2d 122, 125 (5th Cir.1983); *International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425, 428–29 (9th Cir.1983); *Olin Corp.*, 89 L.R.R.M. (BNA) at 2382. The Seventh Circuit has characterized this standard as "less demanding" than the standard it usually applies when no statute authorizes the award of attorney's fees. *Miller Brewing v. Brewery Workers Local, No. 9*, 739 F.2d 1159, 1168 (7th Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985). The usual standard, for situations where no statute authorizes the award of attorney's fees, provides for an award to a litigant " 'only if his opponent's suit or defense was frivolous, which ... mean[s] brought in bad faith—brought to harass rather than to win.' " *Local 879, Allied Industrial Workers v. Chrysler Marine Corp.*, 819 F.2d 786, 791 (7th Cir.1987). This is commonly known as the bad faith exception to the "American Rule" of attorney's fees. *District No. 8, International Association of Machinists & Aerospace Workers v. Clearing*, 807 F.2d 618, 622 (7th Cir.1986). The Seventh Circuit has noticed the less demanding standard, but has avoided deciding whether to employ it in cases such as this. In *Miller* and in *Clearing*, the Seventh Circuit found that there was no need to consider the issue because the standard could not have been reached. More recently, the Seventh Circuit has again avoided the issue. In *Chrysler Marine*, 819 F.2d at 791, the court reversed a lower court award of fees in an arbitration enforcement action. The district court had not explained the justification for the award, and the Seventh Circuit, not finding bad faith or that the company's position violated Rule 11, held that attorney's fees were not appropriate. The court alluded to the liberal standard but then failed to discuss it in the context of the case before it. *Chrysler Marine*, 819 F.2d at 791.

Because the Seventh Circuit has characterized the traditional standard of bad faith as the "settled law of the circuit," *Clearing*, 807 F.2d at 622, we are bound to apply it. If we were not bound to apply the bad faith standard, we would certainly award attorney's fees because we find that Eby-Brown's position was not justified. The only reason Eby-Brown refused to pay the back pay award was its position that it had paid Hallgren all the back pay to which he was entitled because of his alleged failure to mitigate. Eby-Brown did not argue that there was a dispute over the proper amounts to be deducted from the back pay award for interim earnings or unemployment compensation. If that were the situation, then Eby-Brown would be justified in failing to pay an "ambiguous" award. This is not the situation. Eby-Brown did not pay "[b]ecause the Company had taken the position that the award, although silent on the issue of mitigation, implicitly provided that Hallgren is not entitled to back pay where he failed to mitigate his damages." Such a position is not justified as discussed earlier in this opinion. Nevertheless, as the only standard applicable in the Seventh Circuit is, apparently, the bad faith standard, *Clearing*, 807 F.2d at 622, we must deny the request for attorney's fees under this basis. Although Eby-Brown's position was not justified, there is no indication that it was taken in bad faith.

This does not, however, end our inquiry as to attorney's fees. Local 330 has also requested that we award attor-

ney's fees under Fed.R.Civ.P. 11. Rule 11 provides that the

> ... signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law....

Fed.R.Civ.P. 11. This is an objective standard and a finding of bad faith is not necessary. *Chrysler Marine*, 819 F.2d at 791 (citing *Brown v. National Board of Medical Examiners*, 800 F.2d 168, 171 (7th Cir.1986)). Under this objective standard, we find that Eby-Brown's position is unreasonable. A reasonable inquiry into the law would have revealed the overwhelming and consistent rule that affirmative defenses to arbitration awards are waived when not raised before the arbitrator. The position that the award, although silent as to mitigation, implicitly provided for mitigation, was equally unreasonable and, therefore, not a good faith argument for the reversal of the law. *Eastway Construction Corporation v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985) ("[W]here it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated."). *Accord Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir.1987). First, those cases which held mitigation was relevant made it very clear in the award that the back pay award would be either reduced or denied because of the failure to mitigate. Eby-Brown cited no cases which ever recognized this "implicit" duty to mitigate when an award is silent, nor did our research reveal such an unlikely case. Secondly, such a position is unreasonable because it allows every arbitration award for back pay which is silent as to mitigation to be challenged on enforcement. This would thwart "the national labor policy encouraging private arbitration of labor disputes, because of its potential for expeditious disposition of these matters without resort to the courts...." *Mogge*, 454 F.2d at 513. Every time an arbitrator made a back pay award, the company could refuse to pay and demand a remand for presentation of evidence on the issue of mitigation. This would surely defeat the goal of speedy resolution.

Accordingly, we find that Eby-Brown has violated Rule 11 and that Local 330 is entitled to recover its costs and attorney's fees incurred in bringing this enforcement action.[7]

## CONCLUSION

We grant Local 330's motion for summary judgment and, pursuant to the discussion above, we find the arbitrator's award is enforceable in the amount of $7,314.11. Furthermore, because we find that Eby-Brown has violated the requirements of Rule 11, we award Local 330 its costs and attorney's fees incurred in bringing this enforcement action. Accordingly, Local 330 is directed to file within twenty-one days from the date of this opinion a verified petition of fees, costs and interest. It is so ordered.

---

**7.** While it is true that the arbitrator's award is ambiguous because of its failure to specify exact amounts, this is not why Eby-Brown refused to make the back pay award. The only issues of fact Eby-Brown raised were as to Hallgren's alleged failure to mitigate, not as to the proper amounts to be deducted for interim earnings or unemployment compensation. Eby-Brown never disputed Hallgren's figures of $5,016.00 for unemployment and $3,669.89 for interim earnings in its statement of material issues.