**AUTOMOBILE MECHANICS LOCAL 701, INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, AFL–CIO, Plaintiff–Appellant,**

v.

**JOE MITCHELL BUICK, INCORPORATED, Defendant–Appellee.**

No. 90–1476.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 11, 1991.

Decided April 23, 1991.

Rehearing And Rehearing En Banc Denied May 22, 1991.

J. Peter Dowd, Dowd & Bloch, Chicago, Ill., for plaintiff-appellant.

William A. Kelly, Chicago, Ill., for defendant-appellee.

Before CUMMINGS and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

PER CURIAM.

In November 1988, plaintiff Automobile Mechanics Local 701, International Association of Machinists & Aerospace Workers, AFL–CIO ("the Union") filed suit to enforce an arbitration award in favor of two of its members. A few weeks later, Joe Mitchell Buick, Inc., the defendant employer, filed a motion to refer the matter to the arbitrator for clarification. This prompted the Union to file a motion for summary judgment to confirm and enforce the arbitration award.

In his May 1988 award in favor of the Union, the arbitrator ordered grievants James Laury and Michael Djus to be reinstated to the positions they held before their discharge for alleged tardiness even though they had been paid only for work they performed (p. 19 of award). The final paragraph of the award provided:

> The Grievants, James Laurie [*sic*] and Michael Djus shall be made whole by the Company for loss of earnings and benefits which resulted from their termination on July 31, 1987. The Company and the Union shall have thirty (30) days from the receipt of this AWARD to negotiate the basis for computing their respective loss of earnings.
>
> If the parties after thirty (30) days are at impasse on the method for computing their earnings the basis shall be the booked hours and the guaranteed wage if paid, as the case may be, for the comparable weekly period.

Defendant Mitchell Buick reinstated both grievants in accordance with the award, and the parties negotiated for more than thirty days over the amounts due the grievants for loss of earnings and benefits. The reason for the impasse was that Mitchell Buick insisted that there should be offsets against the gross wage amounts due the grievants, including offsets on account of their alleged failure to mitigate damages. The Union took the position that the arbitrator's silence on the matter of offsets meant that none were to be made. Because Mitchell Buick refused to pay the grievants the amounts assertedly due them under the final paragraph of the award, the Union filed this suit under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) seeking the following amounts for grievants' loss of earnings and benefits:

1. For Grievant Laury:
   (a) $28,975.78 in wages;
   (b) $1,698.00 in vacation pay;
   (c) $1,584.00 due the Automobile Mechanics Local 701 Union & Industry Welfare Fund to provide Laury the health and welfare coverage to which he is entitled under the terms of the collective bargaining agreement; and
   (d) $1,444.00 due the Automobile Mechanics Local 701 Union & Industry Pension Fund to provide Laury the pension contributions to which he is

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

entitled under the terms of the collective bargaining agreement.

1. For Grievant Djus:

(a) $32,766.31 in wages;

(b) $1,698.00 in vacation pay;

(c) $1,584.00 due the Automobile Mechanics Local 701 Union & Industry Welfare Fund to provide Djus the health and welfare coverage to which he is entitled under the terms of the collective bargaining agreement; and

(d) $1,444.00 due the Automobile Mechanics Local 701 Union & Industry Pension Fund to provide Djus the pension contributions to which he is entitled under the terms of the collective bargaining agreement.

(Plaintiffs' Br. 11–12).

In January 1990 Judge Parsons handed down an order concluding that the arbitrator's award was ambiguous with respect to making Laury and Djus whole "for loss of earnings and benefits resulting from their termination on July 31, 1987." Consequently he returned the matter to the arbitrator for clarification. We disagree and therefore reverse.

■ It is settled that arbitrators have discretion to decide whether lost earnings should be offset by interim earnings or a failure to mitigate, so that their silence on such issues means that no such offsets are to be made. *E.g., Teamsters, Chauffeurs, etc., Local Union No. 330 v. Elgin Eby–Brown Co.*, 670 F.Supp. 1393, 1397 (N.D. Ill.1987); F. Elkouri & E. Elkouri, *How Arbitration Works* (4th ed. 1985) at 409. In our view there is no ambiguity in the award so that it is our duty to resolve the case once and for all now rather than to remand to the arbitrator. *Ethyl Corp. v. United Steelworkers of America, etc.*, 768 F.2d 180, 188 (7th Cir.1985). As this Court has previously explained, judicial review of an arbitration award is extremely limited to prevent "judicialization of the arbitration process." *Local 879, Allied Industrial Workers v. Chrysler Marine Corp.*, 819 F.2d 786, 788 (1987).

■ Mitchell Buick expressly raised mitigation before the arbitrator, so that his failure to discuss the matter in his award opinion shows that he did not intend to reduce the award for the alleged failure to mitigate. However, Mitchell Buick did not raise the issue of interim earnings to the arbitrator and therefore may not now contend that interim earnings should have been deducted from the award. *Chicago Newspaper Guild v. Field Enters., Inc. Newspaper Div.*, 747 F.2d 1153, 1157 (7th Cir.1984); *Mogge v. International Ass'n of Machinists*, 454 F.2d 510, 513 (7th Cir.1971) (Hastings, J.).

■ As noted, the award expressly provided that the two grievants be made whole "for loss of earnings and benefits." Mitchell Buick argues that the common law understanding of "made whole" encompasses a duty to mitigate and does not comprise an entitlement to certain benefits. However, our decisions expressly depart from this requirement, recognizing instead that the failure to impose a duty to mitigate or to exclude certain benefits from an arbitration award can be understood to mean that none exists. Therefore it is clear that the award entitles them to their vacation benefits as well as their contributions to the Health and Welfare Fund provided in the collective bargaining agreement. In any event, since Mitchell Buick did not dispute before the district court that Health and Welfare contributions are contractual benefits, it may not now avoid paying them. Likewise, contributions to the Local 701 Pension Fund are "benefits" which the award requires Mitchell Buick to pay. The provision in the award that the grievants are to be reinstated "with seniority and other rights unimpaired" also requires payment of the pension contributions due during the discharge period.

■ Mitchell Buick's final argument about the supposed ambiguity of the award concerns the question whether unemployment insurance benefits should be offset against loss of earnings. Since the award does not provide for such an offset, there is no such ambiguity. As noted in *Elgin Eby–Brown Co.*, 670 F.Supp. at 1396, the fact that the award is silent on such a subject does not present an ambiguity; oth-

erwise the award would have provided for such a deduction. Moreover, unemployment insurance benefits are paid by Illinois and not by Mitchell Buick. Therefore that issue concerns the State and the grievants and not the employer.

Finally, both parties request attorney's fees and costs for alleged violations of Rule 11 of the Federal Rules of Civil Procedure and for presenting frivolous arguments. We disagree. It cannot be said that Mitchell Buick's attack on the award had no foundation because the defendant did not seek "merely to put the Union's feet to the fire," as required to determine whether sanctions are appropriate. Consequently attorney's fees and costs to the Union would be unjustified. *Miller Brewing Co. v. Brewery Workers Local Union No. 9*, 739 F.2d 1159, 1168 (7th Cir.1984), certiorari denied, 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985). Here we cannot deem the position of either party "so devoid of arguable merit as to warrant sanctions [against either party] under Rule 11." *Chrysler Marine*, 819 F.2d at 791.

Judgment reversed with directions to order Mitchell Buick to pay the amounts claimed by Laury and Djus.[1]

---

1. These amounts are spelled out above.