IN THE MATTER OF JAMES M. CASSON, THIRD. April 7, 1992. *Attorney at Law*, Disciplinary proceeding, Disbarment.

James W. Casson, III, appeals from a judgment of disbarment ordered by a single justice of this court. The grounds for disbarment were certain criminal convictions. We affirm.

Casson pleaded guilty to three indictments charging uttering and four indictments charging larceny for which he was sentenced to five years at

the Massachusetts Correctional Institution at Concord. Casson served four months of this sentence and the balance was suspended. Casson also was placed on probation for two years and was ordered to make restitution in the amount of $38,601.58.

The Board of Bar Overseers (board) appointed a panel to conduct a hearing on bar counsel's petition, requesting that Casson be disbarred on the basis of the criminal convictions. After the hearing, the panel recommended disbarment. The board adopted the recommendation of disbarment and filed an information in the Supreme Judicial Court for the county of Suffolk. On August 5, 1991, a single justice of this court ordered that Casson be immediately disbarred.

On appeal, Casson raises essentially two issues: (1) the propriety of the procedure under which he was disbarred, and (2) the severity of the sanction of disbarment.

1. *Procedure.* Casson argues that the board's appointment of a panel to review his case, as opposed to a hearing committee, violated his rights to due process and equal protection. He cites no authority which supports this argument. There is no merit to this contention. His rights were jealously guarded at every step of the procedure.

Casson further complains that the panel improperly introduced and relied on the record of his convictions at the hearing. There is no merit to this argument. That record was properly introduced and used at the hearing, consistent with the provisions of S.J.C. Rule 4:01, § 12 (3), 365 Mass. 696 (1974), which make a certificate of conviction of any attorney for any crime conclusive evidence of the commission of the crime in a disciplinary proceeding.

Casson also argues, again without citing any authority, that he is entitled to a de novo hearing by the full court. Casson cites no authority because there is no authority for that proposition. He was given all his rights under S.J.C. Rule 4:01, as amended, 411 Mass. 1315 (1991). The procedure followed was exactly in accord with the precepts in S.J.C. Rule 4:01, § 8, as amended, 411 Mass. 1315 (1991).

The information filed by the board with the court contained subsidiary facts found by the board which were amply supported by substantial evidence. S.J.C. Rule 4:01, § 8 (3), 365 Mass. 696 (1974). The single justice properly based his decision on the board's finding.

2. *Severity of the sanction.* The judgment of disbarment was based entirely on Casson's record of convictions for uttering and larceny. Disbarment was not markedly disparate from sanctions imposed on other attorneys who stole money from their clients. See *Matter of Alter*, 389 Mass. 153, 156 (1983).

*Judgment affirmed.*

*James W. Casson, III*, pro se.
*Terence M. Troyer*, Assistant Bar Counsel.