**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 841, Plaintiff–Appellee,**

**v.**

**MURPHY COMPANY, Defendant–Appellant.**

**No. 95–2608.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 3, 1996.

Decided April 30, 1996.

---

Patrick J. O'Hara (argued), Michael W. O'Hara, Cavanagh & O'Hara, Springfield, IL, for Plaintiff–Appellee.

Timothy R. Thornton (argued), Andrew W. Manuel, Greensfelder, Hemker & Gale, St. Louis, MO, for Defendant–Appellant.

Before COFFEY, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

Murphy Company fired six operating engineers for leaving their work stations ahead of schedule. The employees filed a grievance with their union, the International Union of Operating Engineers, Local No. 841 ("Union"). Murphy and the Union submitted the dispute to arbitration as required by a collective bargaining agreement. At the arbitration hearing, the parties filed a joint exhibit entitled "Grievance Form Fact Sheet" which briefly stated the provision of the collective bargaining agreement Murphy had allegedly violated and included the following under the label "Remedy sought":

> Back Wages and all Benefits. Murphy Company [employees] be made whole all Wages and Fringes lost by members terminated had Murphy Company honored [the national agreement]. Also, reinstatement of terminated members. Due to past and ongoing problem I.U.O.E., Local [No.] 841 request [sic] the [national agreement] with Murphy Company be terminated immediately and all future extensions of the [national agreement] be denied.

Despite this expansive request for relief, the arbitration hearings focused exclusively on the propriety of the firings. The matter of damages never came up; nor did either party raise the damages issue in briefs submitted after the hearing. Thus, in making his decision the arbitrator never considered evidence of the amount of back wages potentially due nor of other interim sources of income (including unemployment benefits) that might decrease the size of an award. On October 26, 1993, the arbitrator found for the Union and issued a brief ruling:

> The grievance has merit. The Company did not have proper cause to discharge the six Grievants. They shall be reinstated to the employment and made whole. The Company may file a reprimand form on each employee to indicate he had a first infraction of Rule 3 on December 16, 1992.

The parties quickly disputed the meaning of the "made whole" portion of the ruling. The Union demanded back pay without any deduction for interim earnings and Murphy insisted on an appropriate offset. On December 17, 1993, Murphy mailed a letter to

the arbitrator requesting clarification of the make-whole order. By letter, the arbitrator agreed to resolve the issue without cost if both parties were willing to make a joint request, but indicated that until then he had no authority to make any additional rulings on the matter because he had already completed his assignment and been discharged (*"functus officio"*). The Union refused further arbitration, however, so Murphy went ahead and paid the six employees lost wages less estimated interim earnings. (Murphy estimated interim earnings from information the Union had provided before arbitration.) These checks were cashed with an express reservation of rights.

On February 4, 1994, the Union filed a petition in federal court to enforce the arbitration award and for attorney fees. Murphy's answer contended that the award was ambiguous and should be remanded to the arbitrator for clarification. On March 17, 1995, almost 17 months after the arbitrator's ruling, Murphy filed a motion pursuant to 9 U.S.C. § 3 to stay the enforcement action and compel arbitration of the disputed question of offsets for interim earnings. The district court denied the motion on the ground that Murphy had waived the offset issue by failing to raise it before the arbitrator. Alternatively, the court held that, even if the matter were not waived, Murphy's motion was untimely because under 9 U.S.C. § 12 the 90–day limitation period for vacating or correcting an arbitration award had passed.

Murphy argues on appeal that because the parties never raised the issue of damages at the hearing, the arbitration necessarily addressed only the question of whether the six employees were entitled to return to work. Thus, according to Murphy, it did not waive the offset issue; there was no reason to address it. As for the arbitrator's award: "At best" it *"advises* the parties that the six operating engineers should be 'made whole,'" but since there is "no basis for determining lost wages," let alone an offset, the "award is unenforceable." (Emphasis added.) Murphy concludes that since it has never sought to modify or challenge the arbitrator's ruling that the workers were improp-

erly dismissed (the only matter Murphy believes the arbitration could have resolved), the 90–day limitation period was never triggered. Thus, Murphy asks that we direct the district court to grant its motion to stay litigation and compel arbitration of the heretofore unaddressed issue of damages.

■ Contrary to the Union's suggestion, we have jurisdiction over this appeal pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 16. *Briggs & Stratton v. Local 232, International Union, Allied Industrial Workers of America,* 36 F.3d 712, 714–15 (7th Cir.1994); *Miller Brewing Co. v. Brewery Workers Local Union No. 9,* 739 F.2d 1159, 1162 (7th Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985) (FAA's exclusion of contracts of employment of workers engaged in interstate commerce limited to workers employed in transportation industries); *Pietro Scalzitti Co. v. International Union of Operating Engineers, Local No. 150,* 351 F.2d 576, 579–80 (7th Cir.1965) (same). We review de novo the district court's denial of Murphy's motion to compel arbitration. *Kresock v. Bankers Trust Co.,* 21 F.3d 176, 177–78 (7th Cir.1994).

■ Given the lack of evidence, the arbitrator's decision to rule on the damages issue is certainly questionable. Generally, arbitrators should limit their rulings to those issues the parties have actually submitted for arbitration. *See* 9 U.S.C. § 11(b) (providing for modification or correction of an award based "upon a matter not submitted" to the arbitrator); *cf. Carpenter Local No. 1027 v. Lee Lumber & Bldg. Material,* 2 F.3d 796, 798–99 (7th Cir.1993) (discussing limits of arbitrator's authority). Further, without evidence of lost wages and interim earnings, the arbitrator could not specify precisely what his make-whole ruling required—whether, for instance, it included or excluded interim sources of income and benefits. As a consequence, Murphy had a plausible argument that the arbitrator's ruling was inappropriate and thus subject to modification, correction, or remand. *See Local 100A v. John Hofmeister and Son, Inc.,* 950 F.2d 1340, 1345 (7th Cir.1991) (district court should remand ambiguous awards to arbitrator for clarification); *Aluminum Brick & Glass Workers v.*

*AAA Plumbing,* 991 F.2d 1545, 1549 (11th Cir.1993) (where parties cannot agree on the amount of an arbitrator's award of back pay, "the normal course of action is to treat the award as ambiguous or incomplete and remand the dispute to the original arbitrator to clarify the award").

■ However, the fact remains that the arbitrator ruled on the remedy issue—including the issue of damages—and not solely on the matter of entitlement: "They shall be reinstated to the employment *and made whole.*" (Emphasis added.) Once this award was made, Murphy had three months to give notice that it intended to challenge the ruling in federal court. 9 U.S.C. § 12; *Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union No.135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1027 (7th Cir. 1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). Its failure to do so has unavoidable consequences. The Union has sought confirmation and enforcement of the arbitration award in the district court pursuant to § 301 of the Labor–Management Relations Act (LMRA), 29 U.S.C. § 185, which grants federal district courts jurisdiction over such matters. The FAA, which in the Seventh Circuit also creates jurisdiction in the district courts for confirming arbitration awards, *see Miller Brewing Co.,* 739 F.2d at 1162, dictates that the district court "must grant" a timely order confirming an arbitration award *unless* the award has been vacated, modified, or corrected. *See* 9 U.S.C. §§ 9–12. Murphy invokes the Act's stay provisions (9 U.S.C. § 3) in an effort to derail confirmation of the award pending further arbitration of the damages issue; however, the Act precludes that result.

Murphy failed to successfully challenge the arbitration award within the requisite 90–day limitation period. Hence, the award is now final. *International Union of Operating Engineers, Local 150 v. Centor Contractors, Inc.,* 831 F.2d 1309, 1311 (7th Cir.1987); *Sullivan v. Lemoncello,* 36 F.3d 676, 681 (7th Cir.1994). Murphy may not now rebuff the Union's motion to confirm by a belated attack on the award dressed up as a motion to stay district court action and compel additional arbitration. *See Jefferson Trucking Co.,* 628 F.2d at 1027; *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 174–75 (2d Cir.1984) (Section 12 precludes "a motion to vacate, modify, or correct an arbitration award after the three month period has run, *even when raised as a defense to a motion to confirm.*") (emphasis added); *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986) (same); *Sheet Metal Workers Intern. v. Air Systems Engineering, Inc.,* 831 F.2d 1509, 1510–11 (9th Cir.1987) (same); *Prudential Securities Inc. v. Hornsby,* 865 F.Supp. 447, 450–51 (N.D.Ill. 1994) (effort to compel arbitration of nominally "independent" issue adjudged an impermissible attempt to augment and modify prior arbitration award). Once the three-month limitation period expired, Murphy was precluded from advancing as defenses to the Union's confirmation action arguments (such as the need for further arbitration) that it could have asserted in conjunction with a timely motion to vacate, modify or correct the award. Other circuits that have considered this question are in accord.[1] Thus, under the Act the district court was required to confirm the ruling. 9 U.S.C. § 9. The same result would obtain under the LMRA. *Sullivan,* 36 F.3d at 681 (90–day limitation period for challenging arbitration awards under LMRA in Illinois); *see Jefferson Trucking Co.,* 628 F.2d at 1026 (discussing state-law basis for limitations periods under section 301 of LMRA, 29 U.S.C. § 185); *cf.*

---

1. *See, e.g., Local Union No. 36, Sheet Metal Workers' Intern. Ass. v. Atlas Air Conditioning Co.,* 926 F.2d 770, 772 (8th Cir.1991) ("An employer may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate."); *Cullen v. Paine, Webber, Jackson & Curtis, Inc.,* 863 F.2d 851, 853–54 (11th Cir.), *cert. denied,* 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989) (same); *International Brotherhood of Electrical Workers, Local Union No. 969 v. Babcock & Wilcox,* 826 F.2d 962, 966 (10th Cir.1987) (same); *Brotherhood of*

*Teamsters and Auto Truck Drivers Local No. 70 v. Celotex Corp.,* 708 F.2d 488, 490 (9th Cir.1983) (same); *Professional Administrators Ltd. v. Kopper–Glo Fuel, Inc.,* 819 F.2d 639, 642 (6th Cir. 1987) (same); *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986) (same); *Service Employees Intern. v. City Cleaning Co.,* 982 F.2d 89, 93–94 (3d Cir.1992) (same); *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 174–75 (2d Cir.1984) (same); *Derwin v. General Dynamics Corp.,* 719 F.2d 484, 489 (1st Cir.1983) (same).

*National Wrecking Co. v. International Brotherhood of Teamsters, Local No. 731*, 790 F.Supp. 785, 789 (N.D.Ill.1992), *aff'd. in part, rev'd in part*, 990 F.2d 957 (7th Cir. 1993) (FAA and LMRA establish same governing principles and "[c]ourts routinely cite decisions under one statute as authority for decisions under the other").

■ Murphy attempts to escape the implications of the lapsed limitation period by suggesting that the damages portion of the award was merely advisory and that therefore it is not really challenging the award. This conclusion flows from Murphy's view that since neither it nor the Union submitted evidence of damages, the arbitrator could not have issued a binding ruling on the issue. Yet this argument does not help Murphy. Neither Murphy nor the Union has suggested, and our review of the record does not reveal, that the arbitrator had authority to issue an advisory opinion on the question of damages. So to the extent the arbitrator did so, Murphy should have moved the district court within 90 days to vacate the award, 9 U.S.C. § 10(a)(4) (party may move to vacate award where the arbitrator exceeded his powers), which it failed to do.

That said, we see no reason to view the arbitrator's damages ruling as merely advisory. Although no evidence of damages was presented at arbitration, the issue was on the table. The joint exhibit both parties filed specified that the "remedy sought" was for the employees to be reinstated and made whole all back wages and fringe benefits. Murphy does not challenge the *reinstatement* portion of the ruling as advisory, even though it appears in the same sentence as the made-whole award and likewise was not based on evidence submitted at arbitration. We do not see why only the last two words ("made whole") of a ten-word award should be deemed advisory.

■ Throughout its briefs Murphy also seems to argue that the made-whole ruling is devoid of meaning absent an accompanying indication (based on evidence presented at arbitration) of whether there should be an offset for interim earnings. Murphy thus concludes that regardless of its tardiness, the damages issue cannot be confirmed-the dis-

trict court cannot enforce an incomprehensible award. If the award were indeed utterly meaningless, or if only an arbitrary interpretation were possible, then Murphy would have a point. *Cf. John Hofmeister and Son, Inc.*, 950 F.2d at 1345 (fundamentally ambiguous award requires remand for clarification). But that is not the case here. When the arbitrator's made-whole ruling is read (as it must be) with reference to the remedy the union explicitly sought—with reference to the request for reinstatement and an award of lost wages and fringe benefits—the award plainly grants a restoration of those wages and fringe benefits lost due to the inappropriate firings. The arbitrator's silence on the question of offsets, rather than an ambiguity or fatal omission, simply "means that no such offsets are to be made." *Automobile Mechanics Local 701 v. Joe Mitchell Buick, Inc.*, 930 F.2d 576, 578 (7th Cir.1991). The rule is that an arbitrator's "failure to impose a duty to mitigate or to exclude certain benefits from an arbitration award [is to] be understood to mean that none exists." *Id.* We assume the award did not mention offsets because none was granted.

■ Furthermore, Murphy makes too much of the fact that no evidence of damages was presented at arbitration. Murphy was certainly aware that its former employees were seeking lost wages and benefits as well as reinstatement. After all, that is what employees virtually always seek in these disputes; so-called "made-whole" rulings are typical when employees prevail at arbitration. *See, e.g., Chaney v. Suburban Bus Div. of the Regional Transp. Authority*, 52 F.3d 623, 626 (7th Cir.1995); *John Hofmeister and Son, Inc.*, 950 F.2d at 1345 ("Reinstatement and back pay awards are common remedies in wrongful discharge cases."). Equally typical are employers arguing at arbitration for offsets, either for interim income or for failure to mitigate losses. *See, e.g., Joe Mitchell Buick, Inc.*, 930 F.2d at 578. If Murphy was surprised by the arbitrator's unexceptional ruling, it has only itself to blame, especially considering the joint statement of the remedy sought. Of course, where the parties cannot agree on the precise amount of back wages and benefits due

190

under a broad make-whole ruling, a party can move the district court to send the matter back to arbitration to resolve the confusion. *AAA Plumbing,* 991 F.2d at 1549; *John Hofmeister and Son, Inc.,* 950 F.2d at 1345. But as already noted, we assume that an arbitrator's failure to mention offsets in his ruling means that no offset was granted, not that the ruling is ambiguous. To hold otherwise would only encourage employers to withhold evidence or comment on important issues, thereby undermining arbitration as a valuable tool for expeditiously and inexpensively resolving employer-employee disputes. Murphy knew or should have known that the issue of damages was before the arbitrator and so should have addressed it. And certainly once Murphy saw mitigation was not included as part of the "reinstatement" and "made whole" award, it should have moved to modify or correct the award within the three-month period.

AFFIRMED AND REMANDED.