86 F.3d 1158
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene WZOREK, Petitioner-Appellant,
v.
CITY OF CHICAGO, an Illinois Municipal Corporation
Respondent-Appellee.
 No. 95-3470.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 9, 1996.
Decided May 24, 1996.
Rehearing Denied July 3, 1996.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On June 29, 1984, Petitioner Wzorek was discharged from his position as a motor truck driver in the City of Chicago's Department of Sewers. On August 16, 1989, a district court issued an opinion and order entering judgment in favor of Wzorek, concluding that his discharge violated the consent decree entered in Shakman v. Democratic Org. of Cook County, 481 F.Supp. 1315, 1356-1359 (N.D.Ill.1979). The district court awarded Wzorek back pay for the violation, but denied his request for reinstatement because he was severely depressed and was taking medications that rendered him unfit to drive a truck. Wzorek v. City of Chicago, 718 F.Supp. 1180, 1187 (N.D.Ill.1989). In lieu of reinstatement, the court awarded Wzorek "front pay" in an amount of one year's salary. This Court affirmed that opinion in all respects except one, which is unimportant for purposes of this appeal. See Wzorek v. City of Chicago, 906 F.2d 1180 (7th Cir.1990).
 
 
 2
 On December 19, 1994, Wzorek filed a Petition for Rule to Show Cause with the district court. In the Petition, Wzorek essentially alleged that the City of Chicago continued to violate the Shakman decree by failing to either reinstate him to his former position or pay him compensation for "the remainder of his life." On March 13, 1995, he filed a Motion to Alter or Amend Judgment pursuant to Fed.R.Civ.P. 52(b) and 59(e). The district court denied Wzorek's Petition, as well as his Motion to Alter or Amend Judgment.
 
 
 3
 Typically, a plaintiff's salary-related compensation for an unlawful discharge involves two elements: Back pay, representing compensation for past suffering; and reinstatement, to avoid future suffering. See International Union of Operating Eng'rs, Local No. 841 v. Murphy Co., --- F.3d ----, ----, No. 95-2608, 1996 WL 209909, at * 4. Wzorek was awarded back pay, but because he was incapable of returning to work, reinstatement was not a viable option. Instead, the district court awarded Wzorek "front pay" in the amount of one year's salary. This award was not in lieu of one year's worth of reinstatement, to be renewed annually for "the remainder of his life," as Wzorek suggests. Rather, it was in lieu of reinstatement as a whole. Together, the award of both front and back pay represented Wzorek's complete relief for the unlawful discharge. The City of Chicago paid the 1990 judgment in full, thereupon extinguishing its liability and closing the book on Wzorek's case. Wzorek's Petition for Rule to Show Cause was properly dismissed.
 
 
 4
 Wzorek's Petition also contained a section labeled "Fraud on the Court." In this section, Wzorek alleged that in the prior appeal in this case, the transcript of one of the hearings incorrectly contained six pages from another hearing on a different date. It then alleged that unknown City agents had entered the federal courthouse to remove the correct pages and substitute them with the incorrect ones. The district court dismissed this claim of fraud on the basis that it consisted of only conclusory allegations that were inadequate to sustain a claim that the 1990 judgment should be vacated. Wzorek has not demonstrated that this determination was in error.
 
 
 5
 The district court's dismissal of Wzorek's Petition for Rule to Show Cause and his Motion to Alter or Amend Judgment are AFFIRMED.