UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-2082

THE BURLINGTON INSURANCE COMPANY; FIRST
FINANCIAL INSURANCE COMPANY; BURLINGTON
INSURANCE GROUP, INCORPORATED,

Plaintiffs - Appellants,

versus

TRYGG-HANSA INSURANCE COMPANY AB,

Defendant - Appellee.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:99-cv-00334-WLO)

Argued: October 30, 2007              Decided: January 17, 2008

Before WILKINSON and GREGORY, Circuit Judges, and Jerome B.
FRIEDMAN, United States District Judge for the Eastern District of
Virginia, sitting by designation.

Vacated and remanded by unpublished opinion.  Judge Friedman wrote
the opinion, in which Judge Wilkinson joined.  Judge Gregory wrote
an opinion concurring in part and dissenting in part.

**ARGUED:** Catharine Biggs Arrowood, PARKER, POE, ADAMS & BERNSTEIN,
L.L.P., Raleigh, North Carolina, for Appellants.  Andrew S. Amer,
SIMPSON, THACHER & BARTLETT, L.L.P., New York, New York, for
Appellee.  **ON BRIEF:** Brian D. Darer, PARKER, POE, ADAMS &
BERNSTEIN, L.L.P., Raleigh, North Carolina; Louis M. Solomon,
Margaret A. Dale, PROSKAUER & ROSE, L.L.P., New York, New York, for

Appellants.   Josiah S. Murray, III, NEWSOM, GRAHAM, HEDRICK &
KENNON, P.A., Durham, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

FRIEDMAN, District Judge:

The Burlington Insurance Company, First Financial Insurance Company and Burlington Insurance Group, Inc. (collectively referred to as "Burlington") seek appellate relief from a judgment entered in the Middle District of North Carolina, affirming the second arbitration award in this extensive litigation. The district court determined the award issued by the second arbitration panel was ambiguous and attempted to clarify that ambiguity by submitting a single question to the arbitrators. After receiving responses from only two of the arbitrators, the court determined the second arbitration panel intended its award to incorporate the first arbitration award for a total award to Burlington of $2 million. For the reasons stated below, we reverse and remand.

I

In 1999, Burlington Insurance Company and First Financial Insurance Company first commenced arbitration with Trygg-Hansa Insurance Company AB ("Trygg") to resolve disputes arising out of reinsurance contracts between the parties.[1] The first arbitration

---

[1]In 1991, Trygg and Burlington Insurance Group entered into an agreement in which Trygg agreed to loan $6 million to Burlington Insurance Group to increase both First Financial Insurance Company and Burlington Insurance Company's underwriting capacity. Burlington Insurance Group executed a promissory note for $6 million to secure the loan from Trygg and later that year, Trygg became the reinsurer for Burlington Insurance Company and First Financial Insurance Company. The disputes in both arbitrations and the litigation spawn from this business relationship.

panel dealt solely with claims arising from these reinsurance contracts and Burlington Insurance Group took no part in the first arbitration. The panel awarded amounts to all three parties, resulting in a net award of $4.8 million to be paid by Trygg to Burlington Insurance Company and First Financial Insurance Company.

That same year, in addition to the arbitration, Burlington filed a lawsuit against Trygg alleging various state law claims. These claims were held to be governed by the arbitration clauses in the parties' contract, and a second arbitration panel was convened to hear these claims.[2] On May 24, 2005, the second panel issued its award (Award II):

> Trygg shall pay Burlington the sum of $2 million. This sum shall be in satisfaction of all claims between the parties under all of their contracts, including the Memorandum of Agreement (as amended), the Reconfirmation of Agreement, the $3 million and $6 million promissory notes and the first excess of loss treaties. In determination of this sum, the Panel considered Trygg's obligation of approximately $4.8 million . . . all accrued interest thereon through the date of payment specified . . . below, and the note(s) evidencing the loan from Trygg to Burlington. That note(s) shall be considered to be fully paid by Burlington as a result of Trygg's payment of the $2 million ordered herein.

The district court determined that Award II was ambiguous because it was unclear whether Award II incorporated the amounts Trygg owed

---

[2]The district court initially interpreted the arbitration clauses in the contract between Burlington and Trygg narrowly and held that any claims between the parties that were not contractually based were not subject to arbitration. On appeal, this court held that all of the claims between the parties were subject to arbitration. The Burlington Ins. Group v. Trygg-Hansa Ins. Co. AB, 9 Fed. Appx. 196 (4th Cir. 2001).

under the first arbitration award or if Award II supplemented the amounts due under the first arbitration award. On December 2, 2005, the district court sent the following question to the panel members, requesting only a "yes" or "no" answer:

> Was the panel's intent to make an award in Award II separate from and in addition to Award I, meaning Trygg-Hansa owes approximately $4.8 million to Burlington Insurance and First Financial under Award I and the additional amount of $2 million to Burlington Insurance, First Financial, and Burlington Insurance Group, Inc. under Award II, for a total of approximately $6.8 million due from Trygg-Hansa?

Two panel members responded in the negative and one panel member did not respond.

On May 16, 2006, the district court issued a memorandum opinion and order, holding that the partial response from the arbitrators was sufficient to determine the panel's intent, and Award II incorporated the first arbitration award, so the total amount awarded to Burlington after both rounds of arbitration was $2 million. The district court confirmed Award II, vacated the prior judgment that confirmed the first arbitration award of $4.8 million, and entered a separate judgment against Trygg for the $2 million awarded in Award II.

II

The appellate court reviews the district court's decision to confirm an arbitration award de novo. See Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 991 F.2d 141, 145 (4th Cir. 1993).

-5-

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14, governs the court's review of the arbitration award and a court is to confirm an arbitration award unless the award is vacated, modified or corrected under the limited grounds specified in sections 10 and 11 of the Act. See 9 U.S.C. § 9. Although not provided for in the FAA, the court may also remand the arbitration award back to the panel if the award is ambiguous. See Colonial Penn Ins. Co. v. Omaha Indem. Co., 943 F.2d 327, 333-34 (3rd Cir. 1991); Mutual Fire, Marine & Inland Ins. Co. v. Norad, 868 F.2d 52, 58 (3d Cir. 1989); Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d Cir. 1985); Island Creek Coal Sales Co. v. City of Gainesville, 764 F.2d 437, 440 (6th Cir.), cert. denied, 474 U.S. 948 (1985); La Vale Plaza, Inc. v. R.S. Noonan, Inc., 378 F.2d 569, 573 (3d Cir. 1967).

We find that the district court properly determined that Award II was ambiguous, as opposed to silent, on the issue of awarding a setoff. See, e.g., Int'l Union of Operating Eng'rs, Local 841 v. Murphy Co., 82 F.3d 185, 190 (7th Cir. 1996) ("[W]e assume the arbitrator's failure to mention offsets in his ruling means that no offset was granted, not that the ruling is ambiguous."). During the second arbitration, Trygg presented the possibility of offsetting the amount awarded by the second arbitration panel with the amount awarded in the first arbitration panel. The panel's reference to the first arbitration award in Award II leads to

-6-

different interpretations of the panel's intent on the issue of offsetting the awards. Burlington interpreted Award II as supplementing the amount awarded by the first arbitration panel, for a total amount of approximately $6.8 million. Trygg interpreted Award II as awarding an offset and incorporating the amount awarded by the first arbitration panel, for a total amount of $2 million. Given the two opposing, and equally valid interpretations of the award, the district court properly determined that the award should be remanded to the arbitrators for further clarification. See, e.g., Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d Cir. 1985)(stating that "a court should not attempt to enforce an award that is ambiguous or indefinite" and the award "should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce"); Mutual Fire, Marine & Island Ins. Co., 868 F.2d at 58 ("A district court itself should not clarify an ambiguous arbitration award but should remand it to the arbitration panel for clarification.").

We find, however, that the procedure employed by the district court to clarify the ambiguity was unsuccessful. The district court chose to submit only one question to the arbitrators and limited the response of the arbitrators to only a "yes" or a "no." Prior to submitting the question to the arbitrators, the court and the parties acknowledged that a negative response would fail to

clarify the ambiguity and further inquiry would be necessary.[3] Upon receiving negative responses from only two of the arbitrators, however, the district court decided not to submit additional questions to the arbitrators. Additionally, while the court and parties reasonably presumed that the arbitrators would meet and confer before responding, it appears that they did not. Two of the arbitrators submitted responses but the third arbitrator never received the court's question nor submitted a reply. We are, therefore, unable to discern, without any further discovery into the arbitrators' intent, how the one-word response from two of the arbitrators resolved the ambiguity. We find that the district court erred in confirming Award II because it is still unclear whether the second arbitration panel awarded a setoff with the first arbitration award. Because we find Award II to still be ambiguous, we do not need to decide the issue of whether the second

_____

[3]On November 28, 2005, the court and the parties conducted a telephone conference to discuss the question to be submitted to the arbitrators on remand. The court, in responding to Trygg's concern about what a "no" response would mean, stated "[i]f [the arbitration panel] comes back with a no, I would be tremendously surprised, because I think I understand what they intended to do originally. If they come back with a no, I don't think there is any way to shortstop this thing; it's open to a real mess. . . . If they say no, I would have no idea what they meant, then." (J.A. 363-364). The court went on to state "if they come back with a no on that question, then we're going to be in a position of having to go back to them again, or take some other route, or let the court -- there are any number of things that could happen here if they come back with a no." (J.A. 365).

arbitration panel exceeded its authority if their intent was to award a setoff.

Accordingly, we vacate the district court's judgment and remand to the district court.

<u>VACATED AND REMANDED</u>

GREGORY, Circuit Judge, concurring in part and dissenting in part:

In remanding to the district court, the majority does not address the vacated judgment from the first arbitration award. Though I concur in the reasoning of the opinion, I would hold that the district court exceeded its authority in vacating the first award and would reinstate that judgment. Thus, I dissent from the holding to the extent that it does not reverse the vacation of the first award and reinstate the judgment order.

Under federal law, courts give strong deference to arbitration decisions. We have explained that the

> [r]eview of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law.

Apex Plumbing Supply v. U.S. Supply Co., 142 F.3d 188, 193 (4th Cir. 1998) (citations omitted). Thus, courts may vacate arbitration awards only if they meet the narrow statutory factors of Section 10(a) of the FAA, see Wilko v. Swan, 346 U.S. 427, 436 (1953); see also Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994),[1] or if the award demonstrates a "'manifest disregard'

---

[1]Section 10(a) provides:
(a) In any of the following cases the United States court in and for the district wherein the award was made may

-10-

of applicable law." <u>Gallus Invs., L.P. v. Pudgie's Famous Chicken</u>, 134 F.3d 231, 233-34 (4th Cir. 1998).[2] Additionally, we have explained that "[a]rbitration deprives the judiciary of jurisdiction over the particular controversy and the courts have long ruled that there must be strict adherence to the essential terms of the agreement to arbitrate." <u>Bhd of Ry. & S.S. Clerks v. Norfolk S. Ry. Co.</u>, 143 F.2d 1015, 1017 (4th Cir. 1944).

In this case, the arbitration agreement explains that "[t]he majority decision of the board shall be final and binding upon all parties to the proceeding. Judgment may be entered upon the final decision of the arbitrators in any court of the proper

---

make an order vacating the award upon the application of any party to the arbitration--
   (1) where the award was procured by corruption, fraud, or undue means;
   (2) where there was evident partiality or corruption in the arbitrators, or either of them;
   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10(a). None of these factors apply to the present case.

[2]A manifest disregard occurs when "a court's belief that an arbitrator misapplied the law will not justify vacation of an arbitral award. Rather, appellant is required to show that the arbitrators were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision." <u>Remmey</u>, 32 F.3d at 149.

-11-

jurisdiction." (J.A. 15.) The judgment related to the first arbitration was final and binding at the time the district court offset that award. Given the strong deference toward arbitration decisions, I do not see how the district court could vacate the previous judgment in its consideration of the second arbitration panel's award. Consequently, I would reverse the district court's vacation of the first award and reinstate the judgment order to give proper deference to the parties' arbitration agreement, as required by law.