MacDonald, D. Lloyd, J.
This is a contempt action brought by the defendant M.B.T.A. Executive Union, Local 9501 (“the Union”) against plaintiff Massachusetts Bay Transportation Authority (“the Authority”) alleging that the Authority has failed to comply with an earlier judgment of this Court confirming an arbitration award in favor of the Union and against the Authority.
*254 A hearing pursuant to Mass.R.Civ.P. 65.3(d) was held, and the merits were joined on the papers.
For the reasons that follow, the Court dismisses the complaint for contempt, but the Court further orders that the Authority make the payments that are the object of the Union’s contempt complaint.
Background
In March 2005, the Authority laid off approximately thirty employees, including Union members Joseph Plati (“Plati”) and Anthony Battle (“Battle”). Pursuant to the terms of the collective bargaining agreement between the Authority and the Union, employees were entitled to fifteen work-days’ advance notice of layoffs. Plati and Battle were not provided with the advance notice. Instead, they were given three weeks’ pay. Plati and Battle also accepted a severance package from the Authority that provided them with an additional six weeks’ pay.
Subsequently, the Union filed grievances on behalf of Plati and Battle, alleging that the Authority had violated the layoff procedures specified in the collective bargaining agreement. Pursuant to the collective bargaining agreement, the parties submitted the following issue for resolution to an arbitrator: “Did the Authority violate the layoff and recall procedure article when it separated Anthony Battle and Joseph Plati from their employment on March 2, 2005. If so, what shall be the remedy?” On March 6, 2006, the arbitrator issued an award:
The Authority violated the layoff and recall procedures of the parties’ collective bargaining agreement when it separated Joseph Plati and Anthony Battle from employment on March 2, 2005 without 15 scheduled workdays’ advance notice.
As a remedy for this contract violation, Joseph Plati and Anthony Battle must be reinstated to their former positions and made whole with back pay and benefits, less the nine weeks’ severance pay they received upon layoff. Their reinstatement shall be without loss of seniority.
In April 2006, the Authority applied to vacate the arbitrator’s award. G.L.c. 150C, §11. In doing so, the Authority did not challenge the arbitrator’s finding that it had violated the contract, but it instead claimed that the arbitrator’s award of reinstatement conflicted with the Authority’s statutory right to control its own staffing levels. The Union counterclaimed to confirm the award. This Court denied the Authority’s Application to Vacate and ordered that judgment enter confirming the award. Memorandum of Decision and Order on Plaintiff s Application to Vacate Arbitration Award, Mass. Bay Transp. Auth. v. M.B.T.A. Executive Union, Local 9501, Civil No. 06-1501 (Suffolk Super.Ct. Mar. 15, 2007) (Sanders, J.) (Paper #6).
The Authority complied with that portion of the Award requiring Plati and Battle to be reinstated, and the Authority made certain reimbursements. The Authority paid Plati and Battle their wages during the period that they were laid off; however, it withheld an amount equivalent to the income and unemployment compensation both Plati and Battle received during the two-year period. The Authority withheld a total of $24,336.00 from Plati and a total of $28,739.73 from Battle.
The Union argues that by withholding these sums, the Authority failed to comply with this Court’s Order confirming the Arbitrator’s Award. The Authority argues that its standard practice is to deduct unemployment compensation and interim earnings from any back pay, and that the “make whole” nature of the Award was intended only to restore Plati and Battle to the position they were in before their termination and not to provide them with a windfall.
The Authority argues that the arbitrator’s “make whole” remedy should be interpreted as entitling the Authority to offset any back pay award by the amount of outside earnings and unemployment compensation Plati and Battle received. The Authority also contends that the matter should be remanded to the arbitrator for clarification or resubmitted to the grievance procedure outlined in the contract between the Authority and the Union.
Discussion
Civil contempt requires a “clear and undoubted disobedience of a clear and unequivocal command” of a court. Manchester v. Dep’t of Envtl. Quality Eng’g, 381 Mass. 208, 212 (1980) (quoting United Factory Outlet, Inc. v. Jay’s Stores, Inc., 361 Mass. 35, 36 (1972)); see also Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 565 (1997). The burden is on the plaintiff in the contempt action to prove contempt by a preponderance of the evidence. Manchester, 381 Mass. at 212.
The issue of whether an employer is entitled to offset an arbitrator’s “make whole” award by an employee’s interim earnings and unemployment compensation where the arbitration award is silent on the issue of offsets has not been addressed in the Commonwealth. However, two decisions from the 7th Circuit Court of Appeals interpreting arbitration awards in labor disputes are instructive.
In Automobile Mechanics Local 701 v. Joe Mitchell Buick, Inc., 930 F.2d 576 (7th Cir. 1991), the arbitrator had ruled in favor of two union members. The award stated, “The [employees] shall be made whole by the Company for loss of earnings and benefits which resulted from their wrongful termination.” Id. at 577. The employer claimed that the total wage amounts due the employees should include offsets for the employees’ alleged failure to mitigate damages and for interim wages earned by the employees. Id. The union claimed that the arbitrator’s silence on the issue of offsets meant that no offsets were intended. Id.
*255 The Seventh Circuit agreed with the union: “It is settled that arbitrators have discretion to decide whether lost earnings should be offset by interim earnings or a failure to mitigate, so that their silence on such issues means that no such offsets are to be made.” Id. at 578. The court held that the employer had expressly raised the employees’ failure to mitigate before the arbitrator and therefore the arbitrator’s silence on that issue indicated that he did not intend to offset the award for a failure to mitigate. Id. With respect to offsets for the employees’ interim wages, the court held that the employer’s failure to raise the issue before the arbitrator precluded the employer from raising that issue as a defense to the union’s action to enforce the arbitrator’s award. Id.
In International Union of Operating Engineers, Local No. 841 v. Murphy Co., 82 F.3d 185, 186 (7th Cir. 1996), an arbitrator’s award in favor of the union stated that the employees “shall be reinstated to the employment and made whole.” When the union filed a motion to enforce the award, the parties disputed the meaning of “made whole”: the employer argued that the award was ambiguous and that offsets for interim earnings were appropriate, while the union argued that the employees should have received back pay without any offset. Id.
The Seventh Circuit found that the employer had waived the offset issue by failing to raise it before the arbitrator and failing to challenge the arbitrator’s award within the ninety-day time period provided by 9 U.S.C. §11 (b). Id. at 188. The court also reaffirmed that “(t]he rule is that an arbitrator’s ‘failure to impose a duty to mitigate or to exclude certain benefits from an arbitration award [is to] be understood to mean that none exists.’ ” Id. at 189 (quoting Joe Mitchell Buick, Inc., 930 F.2d at 578). The court read the arbitrator’s ruling in conjunction with the remedy sought by the union — reinstatement, lost wages, and fringe benefits — and interpreted the award to mean that those wages and benefits were to be restored. It also interpreted the arbitrator’s silence on the issue of offsets to mean that no offsets were permitted. Id.; see also Int’l Chem. Workers Union, Local 683C v. Columbian Chems. Co., 331 F.3d 491, 498 (5th Cir. 2003) (adopting reasoning of Murphy, 82 F.3d at 187-89).
The factual situation here is closely analogous to the situations presented in the 7th Circuit cases. As in those cases, the arbitrator’s award stated that the employees were to be reinstated and “made whole” with back pay and benefits. The Authority here also argues, as did the employers there, that the arbitrator’s silence on the issue of offsets makes the award ambiguous. The Union argues that that silence indicates that no offsets were intended.
The Authority did not raise the issue of offsets for interim earnings before the arbitrator. For that reason the Authority is precluded now from arguing, for the first time, that offsets are appropriate. See Murphy, 82 F.3d at 188; Joe Mitchell Buick, 930 F.2d at 578. The Authority had a thirty-day time period in which to move to challenge the award. See G.L.c. 150C, §§11 and 12. As noted above, the Authority did file a motion to vacate the award, but it did not seek to clarify or modify the award within the thirty days. The Authority’s failure to bring such a motion in a timely fashion renders the award “virtually impregnable.” Derwin v. Gen. Dynamics Corp., 719 F.2d 484, 489 (1st Cir. 1983).
Furthermore, the arbitrator’s silence on the offset issue should not be interpreted as an ambiguity regarding the grant of such offsets since such offsets may be appropriate under certain statutory schemes. E.g., Sch. Comm. of Newton v. Labor Relations Comm’n, 388 Mass. 557, 581 (1983). In the labor arbitration context, however, the silence of an award as to offsets is understood to mean that none were intended. See Murphy, 82 F.3d at 189; Joe Mitchell Buick, 930 F.2d at 578.
Disposition
As noted above, civil contempt requires a “clear and undoubted disobedience of a [court’s] clear and unequivocal command.” Manchester v. Dep't of Envtl. Quality Eng’g, 381 Mass. 208, 212 (1980). While for the reasons noted above this Court concludes that the arbitrator’s decision entitles Plati and Battle to the payments they seek, it cannot be said that the arbitrator’s award (as confirmed by an order of the Court) was “clear and unequivocal.” Accordingly, judgment shall enter for the plaintiff on the contempt complaint.
Nevertheless, with the Court now having ruled that the arbitrator’s award (as confirmed) entitled Plati and Battle to receive the amounts withheld by the Authority, the Authority shall pay such amounts to them within ten days of the entry of this order with statutory interest from the date of the award. Reilly v. Metropolitan Property & Liability Insurance Co., 412 Mass. 1007, 1008 (1992).
ORDER
Therefore, it is ORDERED that defendant’s Complaint for Contempt be DISMISSED and judgment shall enter for the plaintiff on the contempt complaint. It is further ORDERED that within ten days of the entry of this order, the plaintiff shall pay $24,336.00 to Joseph Plati and $28,793.73 to Anthony Battle with statutory interest from the date of the award (March 6, 2006).