**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: September 8, 2017
Date Decided: October 2, 2017

Ronald Stoner, Esquire
Ronald Stoner, P.A.
2961 Centerville Road, Suite 350
Wilmington, DE 19808

Ryan P. Connell, Esquire
Deputy Attorney General
State of Delaware Department of Justice
Carvel State Building
820 North French Street, 6th Floor
Wilmington, DE 19801

RE: ***Fraternal Order of Police Delaware Lodge 10 v. State of Delaware***
Civil Action No. 12813-VCMR

Dear Counsel:

This letter opinion addresses Defendant's Motion to Dismiss. For the reasons stated herein, Defendant's Motion is denied.

## I. BACKGROUND

This action arises out of a labor arbitration between a member ("Grievant")[1] of the Fraternal Order of Police, Delaware Lodge 10 ("Plaintiff") and the State of Delaware ("Defendant" or the "State"). The American Arbitration Association

---

[1]     Grievant is not a party to this action but is represented by Plaintiff.

facilitated the arbitration, which culminated in a two-day hearing.[2] At the conclusion of that hearing, the parties each submitted a post-hearing brief.[3] In the final award ("Arbitration Award"), the arbitrator directed Defendant to rescind Grievant's termination and convert it to ninety-day suspension, reinstate Grievant, and "[m]ake Grievant whole for all lost wages, benefits and seniority from the date of her termination, less the ninety (90) day period of time represented by the suspension."[4]

The Arbitration Award was issued on February 8, 2016, and Plaintiff filed a Petition to Enforce Arbitration Award in this Court on October 3, 2016. In response, Defendant filed a Motion to Dismiss on March 21, 2017. I heard Oral Arguments on the Motion to Dismiss on September 8, 2017.

## II.  ANALYSIS

Defendant moves to dismiss under Court of Chancery Rule 12(b)(6) for failure to state a claim. On a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations are accepted as true,"[5] and the Court must draw all reasonable inferences

---

[2]  Compl. ¶ 10.

[3]  *Id.*

[4]  Compl. Ex. B.

[5]  *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

in favor of the plaintiff.[6]  The motion can be granted only if the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[7]

Defendant's Motion to Dismiss does not seek to vacate or overturn the Arbitration Award.  In fact, Defendant does not dispute the validity of the Arbitration Award.[8]  Instead, Defendant seeks a declaration from this Court that the term "make whole" as used in the Arbitration Award requires an offset of interim earnings be applied to the amount of back-pay awarded to Grievant.[9]  In the alternative, Defendant seeks a remand to the arbitrator for clarification of the term "make whole."[10]  For the reasons set forth below, I deny Defendant's requests.

---

[6]     *Id.*

[7]     *Id.* (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 897 (Del. 2002)).

[8]     Def.'s Reply Br. 1.

[9]     *Id.*

[10]     *Id.*

**A.      The Arbitration Award Is Clear on Its Face and Does Not Include Any Order to Offset the Back-Pay Award with Interim Earnings**

My ability to interpret or modify an arbitration award is very narrow.[11] Where, as here, the Federal Arbitration Act ("FAA") applies,[12] a court may modify or correct an award only in three specific circumstances:

> (a)  Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b)  Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c)  Where the award is imperfect in matter of form not affecting the merits of the controversy.[13]

The parties have not identified any Delaware cases that address the question presented here – whether an arbitration award that is silent on the matter of the offset of interim wages should include an offset. In *International Union of Operating*

---

[11]     *TD Ameritrade, Inc. v. McLaughlin, Piven, Vogel Sec., Inc.*, 953 A.2d 726, 732 (Del. Ch. 2008) ("[A] court's review of an arbitration award is one of the narrowest standards of judicial review in all of American jurisprudence.").

[12]     10 *Del. C.* § 5702.

[13]     9 U.S.C. § 11.

*Engineers, Local No. 841 v. Murphy Co.*, however, the Seventh Circuit Court of Appeals addressed this precise issue.[14] There, the arbitration award required the grievants "be reinstated to the employment and made whole," but it was silent as to whether the back-pay award should be offset.[15] The parties did not raise the issue of damages in the briefs submitted after the arbitration hearing, but the court found that the issue was still "on the table," because the parties requested "all back wages and fringe benefits" during the arbitration.[16] The court held that if an arbitrator does not "mention offsets in his ruling it means that no offset was granted," especially when the defendant "knew or should have known that the issue of damages was before the arbitrator."[17] "To hold otherwise would only encourage employers to withhold evidence or comment on important issues, thereby undermining arbitration as a valuable tool for expeditiously and inexpensively resolving employer-employee disputes."[18] I adopt that reasoning here.

---

[14]  82 F.3d 185 (7th Cir. 1996).

[15]  *Id.* at 186.

[16]  *Id.* at 189.

[17]  *Id.* at 190.

[18]  *Id.*

Defendant was given ample opportunity to raise the question of an offsest with the arbitrator during the arbitration. Plaintiff's post-hearing brief requests "back pay for the entire period of separation from the DOC in an amount to be determined."[19] Defendant's Statement of the Issue in their post-hearing brief read, "[w]hether the employer has violated the CBA by separating the employee… . If so, what shall be the remedy?"[20] Despite explicitly acknowledging that the remedy to be granted was at issue, Defendant did not address the issue of offset at any point in the post-hearing brief. In fact, Defendant did not address the issue of the remedy in general other than in the final, concluding sentence of the post-hearing brief to request that "all relief demanded by the Union … be denied."[21] In this litigation, Defendant concedes that they were aware of the issue and could have raised it with the arbitrator but failed to do so.[22]

Defendant now asks me for a second bite at the apple to remedy the State's error in failing to request an offset to the amount of back-pay awarded. In support

---

[19] Emp.'s Post Hr'g. Br. 16.

[20] Emp'r's Post Hr'g. Br. 4.

[21] *Id.* at 24.

[22] Oral Arg. on Def.'s Mot. to Dismiss Tr. 4.

of that position, Defendant argues that "arbitrators allow the employer's liability to be reduced by the amount of unemployment compensation or compensation from other employment paid to the employee during the relevant period."[23]  No one disputes this general statement of law, but the fact remains that Defendant failed to request to have its liability so reduced.  And the failure to make that request means offset was not granted in the award.  During the hearing, Defendant also argued that offset is so common in labor arbitration that I should presume the term "make whole" includes an offset.  In *UBS Financial Services, Inc. v. Padussis*, the Fourth Circuit Court of Appeals reasoned that to impose a presumption that favors an offset "would place a judicial gloss on the arbitration award."[24]  In light of the strict standard of review for arbitration awards under the FAA, the Fourth Circuit found such a gloss inappropriate, and I find such a gloss inappropriate here as well.

> **B.** **The Arbitration Award Is Not Ambiguous and Will Not Be Remanded to the Arbitrator for Clarification**

There is a general bar against remand of arbitration awards except in three circumstances:

> (1) an arbitrator can correct a mistake which is apparent on the face of the award; (2) where the award does not

---

[23]     Def.'s Opening Br. in Supp. of Mot. to Dismiss Ex. A.

[24]     842 F.3d 336, 342 (4th Cir. 2016).

> adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination; and (3) where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify.[25]

The Third Circuit has stressed, however, that "remand is to be used sparingly."[26]

The first exception is not applicable in the present case because, as discussed above, the Arbitration Award is clear on its face. The second exception is not applicable because neither party contends that the Arbitration Award did not adjudicate an issue submitted, and both parties agree that a valid award was issued.[27] The only exception possibly applicable then is the third, which requires some ambiguity in the award. "An ambiguity in the award for which the court may remand to the arbitrators may be shown not only from the face of the award but from an extraneous but objectively ascertainable fact."[28] Here, there is no ambiguity either

---

[25] *Rhone-Poulenc Agro, S.A. v. Calgene LLC*, 2002 WL 1268046, at \*1 (D. Del. May 29, 2002).

[26] *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 334 (3d Cir. 1991).

[27] Def.'s Reply Br. 1.

[28] *Colonial Penn*, 943 F.2d at 334 ("Thus, for example, if an arbitration award directed the transfer of real property, and the district could ascertain that such property was no longer in the possession of the party directed to transfer it, the remedy would be unenforceable and hence ambiguous.").

on the face of the award or from some extraneous fact. "It is settled that arbitrators have discretion to decide whether lost earnings should be offset by interim earnings or a failure to mitigate, so that their silence on such issues means that no such offsets are to be made."[29] As discussed above, Defendant explicitly acknowledged in its post-hearing brief that the remedy was at issue.[30] Defendant failed to ask the arbitrator to offset the back-pay award, and the arbitrator's silence as to offset in the Arbitration Award means that none was granted. Thus, there is no ambiguity that would allow me to remand the case back to the arbitrator for clarification.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Sincerely,

*/s/Tamika Montgomery-Reeves*

Vice Chancellor

---

[29] *Automobile Mechs. Local 701 v. Joe Mitchell Buick, Inc.*, 930 F.2d 576, 578 (7th Cir. 1991).

[30] Emp'r's Post Hr'g Br. 4.